UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:24-cv-861

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, for itself and as subrogee of HAWTHORNE RESIDENTIAL PARTNERS LLC, and HAWTHORNE RESIDENTIAL PARTNERS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED SPECIALTY INSURANCE COMPANY, ALLIED WORLD NATIONAL ASSURANCE COMPANY, <br><br> Defendants. | **VERIFIED COMPLAINT** |

The Cincinnati Insurance Company ("Cincinnati") and Hawthorne Residential Partners, LLC ("Hawthorne"), for their Complaint against United Specialty Insurance Company ("USIC") and Allied World National Assurance Company ("Allied World"), allege as follows:

**NATURE OF THE ACTION**

1. Cincinnati and Hawthorne bring this action for declaratory relief pursuant to 28 U.S.C. §§ 2201, *et seq*.

2. Cincinnati and Hawthorne seek a declaratory judgment concerning their respective rights, obligations and liabilities under an insurance policy issued by Cincinnati to Hawthorne and insurance policies issued by USIC and Allied World to

WE Lighthouse Pointe Owner LLC d/b/a Ascent of Palm Bay ("WE Lighthouse") in connection with the underlying action described herein.

## THE PARTIES

3. Cincinnati is a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio, and at all times relevant hereto was regularly conducting the business of insurance in the State of North Carolina.

4. Hawthorne is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business in Greensboro, Guilford County, North Carolina. Hawthorne's members are Samantha Davenport, Edward Harrington, and Philip Payonk, and Schoffner Allision who upon information and belief are all citizens and residents of North Carolina.

5. Upon information and belief, USIC is a corporation organized and existing under the laws of the Delaware with its principal place of business in Texas, and at all times relevant hereto was regularly conducting the business of insurance in the State of North Carolina.

6. Upon information and belief, Allied World is a corporation organized and existing under the laws of New Hampshire with its principal place of business in New York, and at all times relevant hereto was regularly conducting the business of insurance in the State of North Carolina.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8. Jurisdiction is appropriate because this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, and an actual case or controversy of a justiciable nature exists between the parties involving the rights and liabilities under insurance policies.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

### I. The Property Management Agreement

10. On or about January 29, 2019, WE Lighthouse entered into a Property Management Agreement with Hawthorne (the "Agreement"), pursuant to which Hawthorne agreed to manage, administer the operations of, and lease a 270-unit apartment complex in Palm Bay, Florida known as "Ascent of Palm Bay" (the "Property") on behalf of WE Lighthouse.

11. A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

## II. The Underlying Action

12. On or about July 13, 2022, Hawthorne was named as a defendant in a lawsuit pending in Brevard County, Florida and captioned *April Marshall, individually and as Parent and Natural Guardian of Z.D., a Minor, vs. WE Lighthouse Pointe Owner LLC d/b/a Ascent of Palm Bay and Hawthorne Residential Partners LLC*, Case No. 2021-CA-038587 ("Underlying Action").

13. A true and accurate copy of the Second Amended Complaint in the Underlying Action is attached hereto as **Exhibit B**.

14. Plaintiff in the Underlying Action, individually and on behalf of her minor son, alleges that on or about January 2, 2020, she was living as a resident at the Ascent of Palm Bay apartment complex owned by WE Lighthouse and managed by Hawthorne.

15. Plaintiff alleges that on that date, she was shot nine times by an unknown gunman in the parking lot of the apartment complex.

16. Plaintiff contends, among other things, that WE Lighthouse negligently failed to provide a reasonably safe environment, failed to take adequate security measures to deter crime, and failed to warn residents of the existing dangers to their safety.

17. Plaintiff alleges that as a result of WE Lighthouse's negligence she and her minor son suffered bodily injuries, including pain and suffering.

18. Plaintiff echoes these same allegations of negligence against Hawthorne as the apartment complex manager in Counts IV and V of the Second Amended Complaint in the Underlying Action.

19. The Amended Complaint seeks damages against WE Lighthouse and Hawthorne for the injuries sustained in the subject incident.

### III. The USIC Policy

20. USIC issued an insurance policy to WE Lighthouse bearing policy number ATN-ATL 1914158 with effective dates of 03/15/2019 to 03/15/2020 (the "USIC Policy").

21. Upon information and belief, a true and accurate copy of the USIC Policy is attached hereto as **Exhibit C**.

22. The USIC Policy includes a Commercial General Liability Coverage Form (CG 00 01 12 07) which provides in part:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . .

23. The Commercial General Liability Coverage Form in the USIC Policy further provides:

> **SECTION II – WHO IS AN INSURED**
>
> * * *
>
> **2.** Each of the following is also an insured:
>
> * * *
>
>   **b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

24. At all relevant times, Hawthorne was acting as WE Lighthouse's real estate manager. Therefore, Hawthorne is an "insured" under the USIC Policy.

25. The Underlying Action seeks damages against Hawthorne which are covered under the USIC Policy and which do not fall within any exclusions in the USIC Policy.

26. The USIC Policy provides primary insurance for the damages sought against Hawthorne in the Underlying Action. Therefore, USIC has a primary duty to defend and indemnify Hawthorne in the Underlying Action.

### IV. <u>The Allied World Policy</u>

30. Allied World issued an umbrella insurance policy bearing policy number 0311-7609 with effective dates of 03/15/2019 to 03/15/2020 that, upon information and belief, covers WE Lighthouse as a Named Insured (the "Allied World Policy").

31. Upon information and belief, a true and accurate copy of the Allied World Policy is attached hereto as **Exhibit D.**

32. The Allied World Policy identifies the USIC Policy as "scheduled underlying insurance" and provides coverage in excess of the USIC Policy.

33. The Allied World Policy, in Section VI. Definitions, defines an "insured" to include:

> 5. any person (other than your employee or volunteer worker) or organization while acting as your real estate manager; . . .

34. At all relevant times, Hawthorne was acting as WE Lighthouse's real estate manager. Therefore, Hawthorne is an "insured" under the Allied World Policy.

35. The Underlying Action seeks damages against Hawthorne which are covered under the Allied World Policy and which do not fall within any exclusions in the Allied World Policy.

36. The Allied World Policy provides excess coverage over the USIC Policy for the damages sought against Hawthorne in the Underlying Action. Therefore, Allied World has a duty to indemnify Hawthorne for any damages awarded against Hawthorne in the Underlying Action in excess of the USIC Policy limits.

V. **The Cincinnati Policy**

37. Cincinnati issued to Hawthorne an insurance policy bearing policy number EPP 017 41 38 with effective dates of 12/31/2019 to 12/31/2020 ("Cincinnati Policy"). The Cincinnati Policy provides commercial general liability coverage and excess liability coverage to Hawthorne in accordance of the terms and conditions stated therein.

38. The Cincinnati Policy was issued to Hawthorne in North Carolina and North Carolina law applies to its interpretation.

39. A true and accurate copy of the Cincinnati Policy is attached hereto as **Exhibit E**.

40. The Cincinnati Policy includes a Real Estate Property Managed endorsement (CG 22 70 11 85) which provides:

## REAL ESTATE PROPERTY MANAGED

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

\*\*\*

With respect to your liability arising out of your management of property for which you are acting as real estate manager this insurance is excess over any other valid and collectible insurance available to you.

41. The Cincinnati Policy also includes a Commercial General Liability Coverage Form (GA 101 12 04) which provides in part:

> When this insurance is excess, we will have no duty under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** or **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
>
> When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>
> **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>
> **(2)** The total of all deductible and self-insured amounts under all that other insurance.
>
> We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

42. The insurance provided under the USIC Policy and the Allied World Policy is other valid and collectible insurance available to Hawthorne. Therefore, any coverage provided to Hawthorne under the Cincinnati Policy is excess over the coverage provided to Hawthorne under the USIC Policy and the Allied World Policy.

43. The Cincinnati Policy also includes an Excess Liability Coverage Form (XS 101 UM 12 04) which provides in part:

## SECTION I – COVERAGE

### A. Insuring Agreement

1. We will pay those sums the "insured" is legally obligated to pay as damages for that part of "loss" to which this insurance applies in excess of "underlying insurance".

* * *

### C. Defense and Supplementary Payments

1. We will have the right and duty to defend the "insured" against any suit seeking damages because of injury or damage to which this insurance applies when the applicable limits of "underlying insurance" and any other insurance have been exhausted by payment of claims. We will have no duty to defend the "insured" against any suit seeking damages for injury or damage to which this insurance does not apply. We may, at our discretion, investigate any occurrence and settle any claim or suit that may result.

* * *

## SECTION II - LIMITS OF INSURANCE

* * *

2. The Limits of Insurance of this Coverage Part apply in excess of the "underlying insurance" limits specified in the Schedule of Underlying Insurance.

* * *

### 9. Other Insurance

This insurance is excess over, and shall not contribute with any other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this Coverage Part.

* * *

44. Under the above provisions, any coverage provided under the Excess Liability Coverage Form in the Cincinnati Policy is excess over the coverage provided to Hawthorne under the USIC Policy and the Allied World Policy.

## VI. Tenders to WE Lighthouse and Its Insurers

45. Upon information and belief, USIC is defending WE Lighthouse in the Underlying Action under its primary insurance policy providing coverage to WE Lighthouse.

46. In accordance with the Agreement, Cincinnati tendered the Underlying Action to USIC and Allied World for defense and indemnity of Hawthorne on multiple dates, including November 22, 2022, December 13, 2022, December 26, 2022, January 2, 2023, and January 13, 2023.

47. These tenders were first acknowledged by USIC on April 10, 2024.

48. USIC originally denied the tenders. Recently, however, USIC has changed its position and claims the USIC Policy is "co-primary" with the Cincinnati Policy in connection with the Underlying Action.

49. As of the date of the filing of this Complaint, Allied World has neither acknowledged nor responded to the tenders.

50. Cincinnati is defending Hawthorne in the Underlying Action under a complete reservation of rights.

51. Despite USIC's contention that the USIC Policy and the Cincinnati Policy are "co-primary" for Hawthorne, USIC is not providing a defense to Hawthorne

in the Underlying Action, nor has USIC reimbursed Cincinnati for USIC's share of the costs incurred by Cincinnati in defending Hawthorne since the date of tender.

52. Cincinnati has been damaged by having to pay defense costs and expenses which are owed under the USIC Policy and/or Allied World Policy.

## FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT

53. The allegations contained in the previous paragraphs of this Complaint are re-alleged and incorporated herein by reference.

54. Cincinnati contends the coverage provided under the Cincinnati Policy is excess over the primary coverage provided under the USIC Policy and the excess coverage provided under the Allied World Policy for Hawthorne in connection with the Underlying Action.

55. USIC contends the USIC Policy is "co-primary" with the Cincinnati Policy in connection with the Underlying Action.

56. Upon information and belief, Allied World contends it owes no obligation under the Allied World Policy to defend or indemnify Hawthorne in connection with the Underlying Action.

57. A real and justiciable controversy exists between Cincinnati, USIC and Allied World regarding the parties' rights and obligations under their respective insurance policies in connection with the Underlying Action.

58. Cincinnati now seeks a declaration from this Court that:

a. Hawthorne is an insured under the USIC Policy and the Allied World Policy;

b. USIC and/or Allied World are obligated to defend Hawthorne in connection with the Underlying Action;

c. USIC and Allied World owe an obligation to indemnify Hawthorne for any damages that may be awarded against Hawthorne in connection with the Underlying Action; and

d. Any coverage provided to Hawthorne under the Cincinnati Policy is excess over the coverage provided to Hawthorne under the USIC Policy and the Allied World Policy.

## SECOND CLAIM FOR RELIEF: EQUITABLE SUBROGATION / CONTRIBUTION

59. The allegations contained in the previous paragraphs of this Complaint are re-alleged and incorporated herein by reference.

60. The allegations, facts and circumstances raised by the Underlying Action created the possibility that the claims against Hawthorne were covered under the USIC Policy and the Allied World Policy.

61. USIC contends the USIC Policy is "co-primary" with the Cincinnati Policy and Allied World has failed to acknowledge any obligation to provide a defense or indemnify to Hawthorne in connection with the Underlying Action.

62. Cincinnati has been defending Hawthorne in the Underlying Action under a reservation of rights in good faith, not as a mere volunteer, and in order to protect its interests in the event a court determined Cincinnati owed such a duty.

63. Cincinnati is entitled, under the doctrines of equitable subrogation and/or equitable contribution, to recover from USIC and Allied World defense costs and indemnity payments incurred by Cincinnati on behalf of Hawthorne in connection with the Underlying Action.

WHEREFORE, Cincinnati prays for the following relief:

1. That the Court enter judgment declaring that USIC and/or Allied World owe a primary duty to defend Hawthorne in the Underlying Action;

2. That the Court enter judgment declaring that USIC and Allied World owe a duty to indemnify Hawthorne in the Underlying Action;

3. That the Court enter judgment declaring that the Cincinnati Policy applies in excess of the USIC Policy and the Allied World Policy for the damages sought against Hawthorne in the Underlying Action;

4. That the Court award judgment against USIC and Allied World for reimbursement of defense costs and expenses incurred by Cincinnati on behalf of Hawthorne from the date of tender to the present, plus interest, costs and attorneys' fees incurred in bringing this action;

5. That the jury declare and adjudicate all other rights and obligations between the parties under the subject policies; and

6. Such further relief as the Court deems just and appropriate.

This the 16th day of October, 2024.

**CRANFILL SUMNER LLP**

BY: /s/ Jennifer Addleton Welch
Jennifer Addleton Welch
N.C. State Bar No. 31360
CRANFILL SUMNER LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Phone: (919) 828-5100
Facsimile: (919) 828-2277

4879-4193-6833, v. 2

Case 1:24-cv-00861   Document 1   Filed 10/16/24   Page 14 of 16

Email: JWelch@cshlaw.com
*Attorneys for Plaintiffs*


**CHAMBLISS, BAHNER & STOPHEL, P.C.**

BY: /s/ Justin L. Furrow
Justin L. Furrow
TN State Bar No. 027667
CHAMBLISS, BAHNER & STOPHEL, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Phone: (423) 757-0221
Facsimile: (423) 508-1221
Email: jfurrow@chamblisslaw.com
*LR 83.1 Notice of Special Appearance To Be Filed for Plaintiff Hawthorne Residential Partners*

# VERIFICATION

__JOHN BENINTENDI__, first being duly sworn, deposes and says that he/she is a duly authorized representative of The Cincinnati Insurance Company, that he/she has read the foregoing Verified and that the facts stated therein are true of his/her personal knowledge, except such matters as are stated on information and belief, and as to those matters he/she believes them to be true.

Duly sworn and subscribed on this __10__ day of September, 2024 in __BUTLER__ County, __OHIO__.

THE CINCINNATI INSURANCE COMPANY

_____

Subscribed and sworn to before me.

_Beth Ann Sturgill_
Notary Public, State of __Ohio__
County of __Butler__
My commission expires: __January 26, 2027__